Dear Representative Melancon,
You have asked for an opinion of this office regarding an Errors and Omissions Reimbursement Agreement.
Your specific questions are;
 1. Based on the documents presented, do you feel that this is an insurance policy or a contractual agreement?
Insurance is a contractual agreement. The Civil Code of Louisiana provides:
CC 1912 Aleatory contract
 A contract is aleatory when, because of its nature or according to the party's intent, the performance of either party's obligation, or the extent of the performance, depends on an uncertain event.
Revision comments to this article provide;
 (d) . . . "An aleatory contract contemplates reciprocal obligations; thus, what is gain for one of the parties is a loss for the other — a unilateral chance is difficult to conceive . . .
 (e) According to this Article, a contract may be aleatory not only because of its nature, but also because of the intention of the parties. Thus, an insurance contract is unquestionably aleatory as the risk involved is inherent in the nature of the contract."
Insurance is defined in the Insurance Code R.S. 22:1 et seq.; R.S. 22:5
General definitions;
 (1)(a) "Insurance" is a contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies . . .
Black's Law Dictionary 692 (5th ed. 1979)
Indemnify: To restore the victim of a loss, in whole or in part, by payment, repair, or replacement. To save harmless; to secure against loss or damage; to give security for the reimbursement of a person in case of an anticipated loss falling upon him. To make good; to compensate; to make reimbursement to one of a loss already incurred by him.
Reimburse. To pay back, to make restoration, to repay that expended; to indemnify, or make whole.
This errors and omissions damages reimbursement agreement basically reimburses an insurance agent or broker a percentage of the settlement for an error or omission on his part in providing insurance to a 3rd party.
Under the broad definition of insurance in the Insurance Code, further sharpened by the definitions of indemnify and reimbursement, and the readings in our own Civil Code, this errors and omissions damages reimbursement agreement is a contract of insurance.
Furthermore, the legislature has elected to specifically list exceptions in R.S. 22:5 to the definition of insurance. Such legislative action shows an intent to list in the Insurance Code where a contract or agreement is not to be considered Insurance.
2. Based upon your review of the documents, do you feel that it is necessary to receive approval from the Insurance Commissioner's Office to go forward with the sale of such an agreement?
R.S. 22:2 Insurance regulated in the public interest
 A.(1) Insurance is a business affected with the public interest and it is the purpose of this code to regulate that business in all its phases. Pursuant to the authority contained in the constitution of Louisiana, the office of the commissioner of insurance is created. It shall be the duty of the commissioner of insurance to administer the provisions of this code . . .
R.S. 22:3 Compliance with Code required
 No person shall be authorized to transact or shall transact a business of insurance in this state without complying with the provisions of this code.
By R.S. 22:3 compliance with the Insurance Code is required of all who transact the business of insurance in this state. By R.S. 22:2 it is the duty of the commissioner of insurance to administer the provisions of this code. By these two statutes the errors and omissions damages reimbursement agreement must comply with the Insurance Code which is administered by the commissioner of insurance. Hence approval is required from the insurance commissioner's office to go forward with the sale of such an agreement.
3. In your opinion, please categorize as to what "species of rose" this agreement might be?
A listing of insurance types is found in R.S. 22:6. This list is only illustrative as it includes a miscellaneous category.
Classification of insurance types can be an unexact science even for the Louisiana Supreme Court. In the recent case of Quinlan v. Liberty Bank and Trust Co., 575 So.2d 336 (La. 1990) the Court was required to decide if an insurance policy was one of liability or a contract of indemnity against loss. This opinion saw one justice concurring with the result but assigning his own reasons and two justice's dissenting.
Three headnotes in this case provide direction on deciding whether an insurance policy is one of liability or an indemnity contract.
 Headnote 4 Insurance
 Under indemnity contract, insurer is only required to indemnify or make whole the insured after he has sustained actual loss, meaning after insured has paid or been compelled to make payment, his action against insurer then being to recover amount of such loss by way of indemnity.
 Headnote 5 Insurance
 General distinction between liability insurance and contract of indemnity is that if policy is one against liability, coverage thereunder attaches when liability attaches, regardless of actual loss at that time, but if policy is one of indemnity only, action against insurer does not lie until actual loss in discharge of liability is sustained by insured.
Headnote 7
 If policy is ambiguous as to whether it is liability policy or indemnity contract, ambiguity should be resolved by interpreting policy as being one against liability rather than one of indemnity.
(Per Dennis, J., with Chief Justice and one Justice concurring, one Justice concurring separately, and one Justice concurring in the result)
From a review of these headnotes it would seem that the errors and omissions reimbursement agreement (E O) is closer to the description of an indemnity contract as compared to a policy of liability.
The E O agreement provided here is only required to pay after the "insured has paid or been compelled to make payment" and "action against insurer does not lie until actual loss in discharge of liability is sustained by insured".
However, this E O agreement is still insurance and as such is subject to the regulations contained in the Insurance Code which is administered by the Commissioner of Insurance.
If this office can be of further assistance please call on us.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ROBERT L. COCO Staff Attorney